UNITED STATES of America,
Plaintiff–Appellee,

v.

Allan Samuel ARTEAGA–BROWN,
Defendant–Appellant.

No. 05–40212
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

June 20, 2006.

James Lee Turner, Assistant U.S. Attorney, Tony Ray Roberts, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Allan Samuel Arteaga–Brown appeals his guilty-plea conviction and sentence for being an alien unlawfully found in the United States following deportation after having been convicted of an aggravated felony. Arteaga–Brown argues that the district court erred by ordering him to cooperate in the collection of a DNA sample as a condition of supervised release. This claim is not ripe for review on direct appeal. *See United States v. Riascos–Cuenu,* 428 F.3d 1100, 1101–02 (5th Cir. 2005), *petition for cert. filed* (Jan. 9, 2006) (No. 05–8662). The claim is dismissed. *See id.* at 1102.

Arteaga–Brown also challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Arteaga–Brown's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Arteaga–Brown contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Arteaga–Brown properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and

circuit precedent, but he raises it here to preserve it for further review.

**JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.**